## Commonwealth v. Erb

*Oscar F. Spicer*, for Commonwealth.
*Joseph E. Erb, p.p.*, for defendant.

MacPHAIL, P. J., June 5, 1972.—This case is before us on a writ of certiorari. Defendant was arrested for driving too fast for conditions. The complaint was filed January 29, 1972. On January 31, 1972, notice of the complaint was served on defendant by certified mail with a summons attached, directing defendant to appear before the justice of the peace on February 16, 1972, at 7:15 p.m., if the fine and costs were not paid within 10 days. Defendant's lawyer appeared before the justice of the peace on February 16, 1972, at the specified time and entered a special appearance for the purpose of attacking the jurisdiction of the justice of the peace because of the defective notice to his client.

Defendant claims that the procedure followed by the justice of the peace conforms with neither section 1202 of The Vehicle Code nor Pennsylvania Rule of Criminal Procedure 109. We agree.

Section 1202 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1202, provides that the justice of the

peace must, within seven days after the information is lodged, give defendant a notice to appear within 10 days. In the case now before us, the notice was for defendant to appear 16 days after the complaint was filed. This is in plain violation of the procedure prescribed by section 1202. In a similar factual situation it was held that since the justice of the peace never obtained jurisdiction over defendant, the entire proceeding was void: Commonwealth v. Crowl, 32 D. & C. 2d 39 (1963).

Pennsylvania Rule of Criminal Procedure 109 provides that the summons shall command defendant to appear for trial in a summary case "not less than twenty (20) days" from the date of the mailing of the summons. Here again, the notice from the justice of the peace plainly fails to comply with that rule. Since the notice provisions of the Rules of Criminal Procedure are mandatory (see Commonwealth v. Braganini, 51 D. & C. 2d 435 (1970)), the proceedings here were void under the rules, as well.

Moreover, this court has held (in accord with Commonwealth v. Braganini, supra,) that section 1202 of The Vehicle Code was suspended by the Pennsylvania Rules of Criminal Procedure relating to the institution of a criminal action: Commonwealth v. Conner, 13 Adams Leg. J. 102 (1971). Therefore, defendant here must prevail because the notice required by Pa. R. Crim. P. 109 was not given and such notice is mandatory.

ORDER OF COURT

And now, June 5, 1972, the within action is dismissed. Costs to be paid by the county.